## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Coronado Coal Corporation,**
**Employer Below, Petitioner**

**vs.)    No. 21-0979    (BOR Appeal No. 2057162)**
**(Claim No. 2021001095)**

**Roger D. Muncy Jr.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Coronado Coal Corporation appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Roger D. Muncy Jr. filed a timely response.[1] The issue on appeal is additional compensable conditions. The claims administrator denied the addition of cervical and thoracic sprains to the claim on October 7, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its July 23, 2021, Order and added cervical and thoracic sprains to the claim. The Order was affirmed by the Board of Review on November 18, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Muncy, an electrician, injured his right hand and fingers on July 15, 2020, when he sustained an electrical shock in the course of his employment. He sought treatment that day from Logan Regional Medical Center where he reported tingling in his right hand to the elbow, involuntary left cheek movement, and pain in his right ring, middle, and index fingers. He had full range of motion in the neck and back. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Muncy sustained a right upper extremity electrical shock.

On July 16, 2020, Mr. Muncy sought treatment from Family Healthcare Associates for his electrocution injury. Physical examination showed cervical muscle spasms, tenderness on palpation of the cervical spine, and pain with range of motion of the cervical spine. He was diagnosed with peripheral neuropathy, muscle spasm, and electrocution. On July 20, 2020, a physical examination showed lumbar spine tenderness and decreased range of motion. The

---

[1]Petitioner, Coronado Coal Corporation, is represented by Steven K. Wellman and James W. Heslep, and respondent, Roger D. Muncy Jr., is represented by Steven S. Wolfe.

diagnoses were neck strain, thoracic strain, peripheral neuropathy, muscle spasm, and electrocution. The claim was held compensable for right hand electrical shock on July 23, 2020.

Randall Short, D.O., performed a physician review on August 19, 2020, in which he determined that the records do not support a finding of cervical or thoracic spine injuries. He noted that the treatment notes from Family Healthcare Associates were inconsistent because Mr. Muncy did not report cervical or thoracic spine issues. However, the physical examination showed tenderness, spasms, and other findings.

Mr. Muncy underwent a cervical MRI on August 21, 2020, which showed multilevel degenerative changes with mild to moderate canal and foraminal narrowing. On August 26, 2020, Mr. Muncy sought treatment from Robert Lewis II, M.D., for electrocution, neuropathy, and muscle spasms. He reported numbness from his neck down his right arm. Mr. Muncy asserted that when he was shocked, he hit his head on the roof and fell backwards into some toolboxes. Dr. Lewis diagnosed electrocution, left arm and bilateral lower extremity numbness, weakness, and occipital neuralgia. On October 7, 2020, the claims administrator denied the addition of cervical and thoracic sprains to the claim.

Prasadarao Mukkamala, M.D. performed an independent medical evaluation on January 12, 2021, in which he noted that a physical examination was normal, and Mr. Muncy had returned to work with no restrictions. Dr. Mukkamala found that Mr. Muncy reached maximum medical improvement and required no further treatment. In an April 19, 2021, addendum to his report, Dr. Mukkamala opined that Mr. Muncy did not injure his cervical or thoracic spine as a result of the compensable injury.

The Office of Judges reversed the claims administrator's decision and added cervical and thoracic sprains to the claim. It found that medical records from Family Healthcare Associates from July 16, 2020, through October 26, 2020, document cervical muscle spasms, tenderness, and pain with range of motion as well as lumbar tenderness, decreased range of motion, and decreased strength. The diagnoses were cervical and thoracic strains and the Office of Judges found that there was no cause for the conditions other than the compensable injury. The Office of Judges noted that the employer relied on the report of Dr. Lewis, who made no assessment of cervical or thoracic strains. However, the Office of Judges found that there is no indication that Dr. Lewis examined Mr. Muncy for such conditions. Further, Dr. Lewis is a neurologist, and his examination would have been searching for neurological deficits, not soft tissue injuries like a strain.

The Office of Judges determined that Dr. Mukkamala's evaluation and supplemental report were unreliable for the issue at hand. There was no indication that Dr. Mukkamala examined Mr. Muncy's cervical or thoracic spine. Dr. Mukkamala's opinion in his supplemental report that Mr. Muncy did not injure his cervical or thoracic spine as a result of the compensable injury was based on Dr. Lewis's documentation of no muscle spasms. The Office of Judges again noted that Dr. Lewis did not perform a complete cervical or thoracic spine evaluation.

Regarding Dr. Short's physician review, the Office of Judges noted that the report was based on a review of records, not an actual physical examination of Mr. Muncy. Dr. Short's finding

2

of no cervical or thoracic spine injuries was based on the report by Family Healthcare Associates, which contained no complaints of cervical or thoracic spine issues. However, the Office of Judges determined that the treatment notes dealt with the chief complaint of electrocution. The Office of Judges found that the lack of notes detailing the secondary conditions or complaints does not defeat the objective physical examination findings of cervical and thoracic spine symptoms. The Office of Judges ultimately concluded that Mr. Muncy sustained his burden of proof establishing that he developed cervical and thoracic spine strains as a result of his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on November 18, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the addition of conditions to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Mr. Muncy has met his burden of proof showing that he sustained cervical and thoracic sprains in the course of and resulting from his employment. His cervical and thoracic spine symptoms are well documented in the record following the compensable injury. The Board of Review committed no reversible error in affirming the addition of cervical and thoracic sprains to the claim.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn